## KELLEHER v. UNITED STATES.

(Circuit Court of Appeals, First Circuit. February 25, 1925.)

No. 1775.

Criminal law ⊜683(1)—Testimony held admissible in rebuttal of denial of possession of liquors.

Where defendant, charged with illegal sale of liquor in his restaurant, testified that he kept no liquors and had no knowledge of their sale at the time, but afterward learned that a waiter obtained them elsewhere, and supplied them to customers, the testimony of the prohibition agent, who bought the liquor on which the charge was based, that he asked defendant in person for liquor, and it was sold to him, *held* admissible in rebuttal.

In Error to the District Court of the United States for the District of Massachusetts; Lowell, Judge.

Criminal prosecution by the United States against John Kelleher. Judgment of conviction, and defendant brings error. Affirmed.

Joseph Joyce Donahue, of Boston, Mass., for plaintiff in error.

George R. Farnum, of Boston, Mass. (Harold P. Williams, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON; Circuit Judges.

BINGHAM, Circuit Judge. The defendant, plaintiff in error, was tried and convicted in the federal District Court for Massachusetts on an indictment charging him, in different counts, with the illegal sale and unlawful possession of intoxicating liquor.

The defendant was the proprietor of a restaurant in Boston, and was known as "Highball John." On three different occasions in the fall of 1923, a prohibition agent was served with Scotch highballs at the defendant's restaurant, and on the first and third occasion was sold a half pint of whisky. The prohibition agent testified, in direct examination: That on the evening of the first visit he met the defendant and said to him: "Is this the famous Highball John? I came to get one of your justly famous highballs." That the defendant replied that he was, seated the agent at a table and called a waiter to serve him. The defendant took the stand in his own behalf. He testified that he had never kept any liquor on the premises, and had no knowledge that any was being sold or dispensed there until after the sales here complained of, when he discovered that his waiter had been carrying on traffic with the

man next door. In rebuttal, the agent was recalled and allowed to testify, subject to exception, that when he entered the restaurant the first time he said to the defendant, "I'm looking for one of your justly famous highballs and a pint of whisky," and the defendant replied, "All right, I'll see that you get them." It is the admission of this testimony which constitutes the error complained of.

We think the evidence was properly admitted in rebuttal. The defendant had testified that he had no knowledge that liquor was sold or dispensed at his restaurant until after the sales complained of, when he learned that his waiter was carrying on traffic with the man next door. The evidence in question intended to rebut this, and show that the defendant knew that liquor was being sold and dispensed at his restaurant at the time of the alleged sales. Furthermore, it was discretionary with the trial court to admit the evidence at the time it did.

The judgment of the District Court is affirmed.